Filed 9/19/13  P. v. Llanes CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C069914 |
| Plaintiff and Respondent, | (Super. Ct. No. SF112980A) |
| v. | |
| CHRISTIAN LLANES, | |
| Defendant and Appellant. | |

In January 2010, defendant Christian Llanes pleaded guilty to possession of cocaine for the purpose of sale (Health & Saf. Code, § 11351) and driving a vehicle while having a blood-alcohol level of 0.08 percent or more (Veh. Code, § 23152, subd. (b)). Defendant also admitted to a prior conviction for driving under the influence (Veh. Code, § 23540). Consistent with the plea agreement, the trial court suspended imposition of sentence, placed defendant on five years of formal probation, and ordered defendant to serve 12 months in county jail.[1]

---

[1]    The court ordered an additional 10 days to be served in the county jail on the conviction for driving under the influence, but ordered that to be served concurrent to the term of 12 months.

1

In November 2010, defendant admitted to violating his probation. The trial court thus imposed a two-year prison sentence, suspended execution of sentence, and reinstated probation with 365 days in county jail. After defendant admitted another probation violation in December 2011, the trial court terminated probation on defendant's conviction for possession of cocaine with the intent to sell and ordered execution of the previously imposed two-year state prison term.[2] Defendant asked the court to order his sentence be served in county jail pursuant to the Criminal Justice Realignment Act of 2011 (Realignment Act) (Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 15, § 1). The trial court refused defendant's request. Defendant appealed.

Defendant's sole claim on appeal is that his crimes are subject to the Realignment Act's county jail provisions. (Health & Saf. Code, § 11351; Veh. Code, § 23152, subd. (b).) Thus, he argues, because his sentence was not executed until after the Realignment Act took effect, he is entitled to the benefit of its county jail provisions. We disagree and affirm.

Defendant relies on *People v. Clytus* (2012) 209 Cal.App.4th 1001 to support his claim. This court recently published a decision, *People v. Wilcox* (2013) 217 Cal.App.4th 618, wherein we addressed the same scenario as that presented here and in *Clytus:* "[A] defendant whose state prison sentence was imposed before but executed after the effective date of the Realignment Act." *(Wilcox, supra,* 217 Cal.App.4th at p. 622.) As we explain in *Wilcox,* we disagree with the decision in *Clytus, supra,* 209 Cal.App.4th 1001. *(Wilcox, supra,* 217 Cal.App.4th at pp. 623-626.) For the reasons stated in *Wilcox,* we reject defendant's claim here as well.

---

[2] The court reinstated defendant's probation on his conviction for driving under the influence.

DISPOSITION

The judgment is affirmed.

                                              NICHOLSON      , J.

We concur:

         BLEASE        , Acting P. J.

         BUTZ          , J.